```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
 --------------------------------------X
 UNITED STATES OF AMERICA,

     - against -                                    **MEMORANDUM & ORDER**

 KELBI SILFREDO ROQUE-RODRIGUEZ,                    08-CR-811 (KAM)

         Defendant.
 --------------------------------------X
```

MATSUMOTO, UNITED STATES DISTRICT JUDGE:

Defendant Kelbi Silfredo Roque-Rodriguez ("defendant" or "Roque") is charged in a one-count indictment with "knowingly and intentionally" reentering the United States after having been removed from the United States following his conviction of an aggravated felony, without having obtained the express consent of the Secretary for the United States Department of Homeland Security, to apply for admission, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). (Doc. No. 5, Indictment.) Presently before the court is the government's *in limine* motion to preclude defendant from presenting any evidence at trial that defendant "lacked intent to violate the law when he reentered the United States." (Doc. No. 25, Government's Motion *In Limine* dated May 5, 2009 ("Gov't Mem.") at 1.) Further, the government requests that the court approve a proposed jury instruction on

the issue of intent.[1]  For the reasons set forth herein, the government's *in limine* motion to preclude evidence is granted.

## BACKGROUND

The government asserts that defendant is a citizen of the Dominican Republic who, on June 27, 2007, had been removed from the United States following two felony convictions under the New York Penal Law.  Specifically, the government asserts that on May 27, 2003, defendant was convicted of Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.16(1), and that on August 4, 2006, defendant was convicted of Criminal Possession of a Controlled Substance in the Fifth Degree, in violation of New York Penal Law § 220.06(5).[2]  (Gov't Mem. at 1.)

---

[1] The government's proposed jury instruction reads,

> The government need not prove that the defendant intended to violate the law when he attempted to reenter the United States.  Nor does the government have to prove that the defendant knew that he was not entitled to be in this country.  A good faith or mistaken belief on the part of the defendant that he could lawfully be present in the United States is not a defense and is irrelevant to your deliberations.

(Doc. No. 25 at 7.)

[2] New York Penal Law § 220.16(1) states that "[a] person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it . . . ."  New York Penal

The government further asserts that "[o]n November 7, 2008, defendant arrived at John F. Kennedy International Airport from the Dominican Republic and attempted to reenter the United States." (Gov't Mem. at 1; *see* Indictment.)  Defendant "was arrested and charged with illegal reentry as an aggravated felon." (Gov't Mem. at 1.)  The government alleges that "defendant has never applied for nor received the consent of the Attorney General[3] for his admission into the United States following his removal." (*Id.*)  Accordingly, a grand jury charged defendant with illegal reentry as an aggravated felon in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).  (*See* Indictment.)

---

Law § 220.06(5) states that "[a] person is guilty of criminal possession of a controlled substance in the fifth degree when he knowingly and unlawfully possesses . . . cocaine and said cocaine weighs five hundred milligrams or more . . . ."

[3] Although the Indictment alleges that defendant illegally attempted to reenter the United States "without the Secretary of the United States Department of Homeland Security having expressly consented" to readmission, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), the text of 8 U.S.C. § 1326(a) and the government's motion refer to the "Attorney General."  "With the transfer of authority under [6 U.S.C.] § 557, as of March 1, 2003, the title 'Attorney General' is synonymous with the Secretary of Homeland Security.  Under the Homeland Security Act, only advance consent from the Secretary of Homeland Security is required" under 8 U.S.C. § 1326(a).  *See United States v. Rios-Zamora*, 153 Fed. Appx. 517, 520 (10th Cir. 2005); *see also Mahmoud v. Gonzales*, 485 F.3d 175, 177 n.1 (1st Cir. May 4, 2007) (describing dissolution of the INS and the transfer of authority over immigration functions to the DHS); *United States v. Carrasco-Abreu*, No. 07-CR-792, 2008 U.S. Dist. LEXIS 5319, at *2 n.1 (E.D.N.Y. Jan. 25, 2008) (same).

Defendant contends that prior to his reentry into the United States, he retained counsel in the Dominican Republic "to obtain United States Government approval, from the Attorney General for . . . [defendant's] return to the United States." (Doc. No. 27, Letter from B. Alan Seidler, Esq., dated May 20, 2009 ("Def. Mem.") at 1.) Defendant asserts that as a result of this legal consultation, he received a document from the "Dominican Department of Immigration . . . dated October 10, 2008, which represented that there was no impediment to Roque reentering the United States."[4] (*Id.*)

The government asserts that it "has no evidence indicating that the defendant received a 'pardon' allowing him to enter the United States" and thus, plaintiff should be precluded from presenting any evidence that he lacked intent to violate the law when he attempted to reenter the country. (*See* Gov't Mem. at 2-3.) To this end, the government contends that

---

[4] An English-language translation of the document, which was written in Spanish, was submitted by the government. It reads, in pertinent part,

> I, Milagros Almonte, Esq., in charge of immigration issues, Santiago, Dominican Republic, certify that Mr. Kelbi Roque, . . . Dominican, was granted a pardon under statute 212 by which starting on the 10th day of October, 2008, he can enter the United States of America. No impediment of any kind.

(Gov't Mem. at 2.)

4

"a good faith or mistake defense does not exist under Section 1326." (*Id.* at 3.) Thus, the government argues that evidence of defendant's alleged good faith or mistake is irrelevant and should be excluded because it "would only serve to confuse relevant issues, mislead the jury and waste both the Court's and jury's time." (*Id.* at 5) (citations omitted).

Defendant contends that intent is relevant insofar as the indictment charges defendant with "knowingly and intentionally" attempting to reenter the United States. (*See* Def. Mem. at 1.) Defendant further contends that

> "[i]t is beyond reason to require a foreign national who has retained counsel to obtain permission for return to the United States, to do further independent verification of the permission ostensibly granted, once he has been provided with documentation . . . of permission to return.

(*Id.* at 2.) Defendant claims that he "had no intent to enter the United States without obtaining prior permission from the United States Government to do so." (*Id.*)

### DISCUSSION

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d

5

136, 141 (2d Cir. 1996); *National Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996).  "A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence."  *Allen v. City of New York*, 466 F. Supp. 2d 545, 547 (S.D.N.Y. 2006) (citation omitted); *see* Fed. R. Evid. 104 ("Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court . . . .")  Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.  *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-CV-5520, 1998 U.S. Dist. LEXIS 15093, at *11 (S.D.N.Y. Sept. 25, 1998).  Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context.  *See National Union*, 937 F. Supp. at 287.  Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected.]"  *Luce*, 469 U.S. at 41.

Rule 402 of the Federal Rules of Evidence requires that evidence be relevant to be admissible.  Fed. R. Evid. 402.  Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the

6

determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Thus, the court's determination of what constitutes "relevant evidence" is guided by the nature of the alleged violations and any defenses thereto.

The Second Circuit has held that "a good faith or mistake defense does not exist under Section 1326." *United States v. Champegnie*, 925 F.2d 54, 55 (2d Cir. 1991) ("We read the statute to mean what it says: A previously deported alien who reenters the United States does so at his or her peril, and any subjective belief as to the legality of that act is irrelevant."); *see United States v. Rodriguez*, 416 F.3d 123, 124-125 (2d Cir. 2005) (holding that 8 U.S.C. § 1326(a) is not a "specific intent crime"); *Gutierrez-Fernandez v. United States*, No. 99-CV-4484, 2000 U.S. Dist. LEXIS 15415, at *12 (S.D.N.Y. Oct. 18, 2000) (denying petition for habeas corpus). Indeed, in *Rodriguez*, the Second Circuit held that

> [b]y virtue of their prior deportation, those subject to § 1326 already have knowledge of the specific legal duties imposed by the statute. There is, therefore, no need, in order to protect truly innocent behavior — including good faith attempts to seek permission to reenter — to require proof of knowledge of the need for permission from the Attorney General or knowledge that no such permission had been granted. For this reason, in light of the clarity of the statutory language, and to preserve the purposes that the statute is meant to achieve, we hold

7

> that there is no specific intent requirement for
> attempted reentry after deportation.

*Rodriguez*, 416 F.3d at 128 (citing *Champegnie*, 925 F.2d at 55); *see United States v. Acevedo*, 229 F.3d 350, 358 (2d Cir. 2000) (holding that "there is no defense of good faith or mistake under 8 U.S.C. § 1326."); *United States v. Martus*, 138 F.3d 95, 97 (2d Cir. 1998) (same) (citation omitted).

Accordingly, because a good faith or mistake defense does not exist under Section 1326, and because there is no specific intent requirement for attempted reentry after deportation, the court will exclude any evidence at trial that defendant lacked intent to violate the law when he reentered the United States. More specifically, the court will exclude the October 10, 2008 document from the "Dominican Department of Immigration" which purportedly authorizes defendant to enter the United States, as well as any other evidence that an attorney in the Dominican Republic counseled defendant that he had been pardoned and allowed to reenter the United States.

In so ruling, the court finds that any probative value of evidence concerning defendant's intent, good faith or mistake is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury on the question of intent. To this end, the court will provide an appropriate

jury instruction after reviewing the parties' proposed instructions and after conferring with the parties at a charging conference.

## CONCLUSION

For the foregoing reasons, the government's *in limine* motion to preclude evidence is granted.  The parties are reminded that jury selection and trial shall commence on August 10, 2009 at 9:00 a.m.  The parties shall file their proposed *voir dire*, jury charges, witness lists and a joint statement of the case by July 20, 2009.

SO ORDERED.

Dated:   Brooklyn, New York
         June 16, 2009

                                          /s/
                                KIYO A. MATSUMOTO
                                United States District Judge
                                Eastern District of New York